UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAN-WAY FARMS, INC., AND
SAN-WAYFARMS, INC. d/b/a
ALAFIA RIVER FARMS, LLC,

    Plaintiffs,

v.                                      Case No: 8:20-cv-1969-CEH-CPT

SANDIFER FARMS, LLC,

    Defendant.
_____/

# ORDER

This matter comes before the Court upon the Plaintiffs' Motion for Default Judgment [Doc. 14]. In the motion, Plaintiffs request judgment be entered in their favor and seek damages in the amount of $211,912.05, plus costs, disbursements, interest, and attorneys' fees. The Court, having considered the motion and being duly advised, will deny Plaintiffs' Motion for Default Judgment.

    **I. BACKGROUND**

San-Way Farms, Inc. and Alafia River Farms, LLC. ("Plaintiffs") are Florida Companies, engaged in the business of farming and furnishing watermelons and cantaloupes. [Doc. 1 ¶ 3-4, 9]. Sandifer Farms, LLC. ("Defendant"), a now dissolved South Carolina company, engaged in the business of selling perishable agricultural commodities. *Id.* at ¶¶ 6-7, 10. Sandifer was, at all times relevant, licensed under the

1

Perishable Agricultural Commodities Act of 1930, 7 U.S.C.A. § 499a et seq. ("PACA"). *Id.* at ¶ 7.

Plaintiffs entered into an oral contract from May 11, 2013 to approximately June 19, 2013 with Defendant to deliver approximately 434 shipments of watermelon and cantaloupes for the purpose of sale by Defendant. *Id.* at ¶¶ 10-11. Through Defendant's role in this arrangement, Defendant acted as a commission merchant under PACA. *Id.* at 12. Defendant ultimately underpaid Plaintiffs and has refused to pay Plaintiffs the full price for the 434 shipments of watermelons and cantaloupes. *Id.* at ¶ 13.

In October of 2013, Plaintiffs filed two informal complaints against Defendant with the United States Department of Agriculture ("USDA") before the Secretary of Agriculture (the "Secretary").[1] *Id.* at ¶¶ 15, 16. The USDA conducted an investigation and found that Defendant underpaid Plaintiffs and instructed Plaintiffs to file a formal complaint. *Id.* at ¶ 18; Doc. 1-1. The correspondence to Defendant provides that Defendant owes Plaintiffs $252,142.89 under E-R-2014-12 and $60,135.29 under E-R-2014-14. [Doc. 1-1 pp. 2, 5]. Subsequently, Plaintiffs filed formal complaints against Defendant under PACA with the USDA. [Doc. 1 ¶ 19].

On March 22, 2019, the Secretary issued a Reparations Order, ordering Defendant to pay total damages in the amount of $172,156.33 with interest thereon at the rate of 2.52% per annum from July 1, 2013, attorney's fees in the amount of

---

[1] The complaints were assigned PACA Docket Nos. E-R-2014-12 and E-R-2014-14.

$6,990.00 with interest thereon at the rate of 2.52% per annum from March 22, 2019, and Plaintiffs' filing fee of $500.00. *Id.* at ¶¶ 20-21; Doc. 1-2. In the order, the Secretary explained that:

> Respondent owes Complainant $123,039.84 for the transactions associated with file number E-R-2014-12, and $93,553.11 for the transactions associated with file number E-R-2014-14. Since the Complainant sought to recover only $49,116.49 in E-R-2014-14…Complainant's award will be limited to the amount requested. . . .

[Doc. 1-2 at p. 20]. The Secretary's order identified Bruce A. Barron, Michael C. Harris, and Phillip L. Sandifer as an owner, partner, manager, officer, director, and/or stockholder for Defendant. *Id.* at p. 1.

Defendant moved for reconsideration on April 12, 2019. [Doc. 1 ¶ 22]. The Secretary issued an order on July 25, 2019 denying Defendant's motion for reconsideration and ordering Defendant to pay Plaintiffs the amounts specified in the March 22, 2019 order on or before August 24, 2019. *Id.* at ¶¶ 23-25; [Doc. 1-3]. Defendant has failed to comply with the Secretary's July 25, 2019 order and has not paid Plaintiffs any of the amounts owed. [Doc. 1 ¶ 27].

Plaintiffs filed this action against Defendant on August 24, 2020. [Doc. 1]. Plaintiffs assert that jurisdiction is proper in this Court pursuant to 7 U.S.C. § 499g(b)[2]

---

[2] 7 U.S.C. § 499g(b) provides in pertinent part that:

> "[i]f any commission merchant . . . does not pay the reparation award within the time specified in the Secretary's order, the complainant . . . may within three years of the date of the order file in the district court of the United States for the district in which he resides . . . a petition setting forth briefly the causes for

3

and 28 U.S.C. § 1331. *Id.* at ¶ 1. A summons was issued for Defendant, and on September 28, 2020, Plaintiff filed a return of service. [Docs. 6, 10]. In the return of service, the process server affirmed that on September 16, 2020, he personally served a copy of the summons and the complaint on Bruce A. Barron at 2605 Magnolia Park Lane, Apt. 202, Naples, Florida 34109. [Doc. 10]. However, he did not indicate Mr. Barron's relationship with Defendant. *Id.*

On October 8, 2020, Plaintiffs filed a Motion for Clerk's Default, after Defendant failed to respond to the action. [Doc. 11] The motion was granted that same day. [Doc. 12]. On October 27, 2020, the process server personally served a copy of the motion and the Clerk's default on Mr. Barron at the apartment in Naples, Florida. [Doc. 13]. Thereafter, Plaintiffs filed this Motion for Default Judgment on November 18, 2020, arguing that default judgment was proper because Defendant failed to respond in any way to this action. [Doc. 14].

## II. LEGAL STANDARD

A default judgment may be entered when "a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Typically, allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that

---

which he claims damages and the order of the Secretary in the premises."

4

allows for relief. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). However, facts that are not well-pleaded or conclusions of law are not accepted as fact. *Id.* The Eleventh Circuit has likened this standard to the standard under a Rule 12(b)(6) motion to dismiss. *Id.*

Under this standard, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, mere naked assertions are insufficient. *Id.* A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). The Court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.*

### III. DISCUSSION

In determining whether default judgment is proper, a court must assess whether jurisdiction exists. *See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984). Plaintiffs assert that the Court has subject matter over this action pursuant to 7 U.S.C. § 499g(b) and 28 U.S.C. § 1331. [Doc. 1 ¶1]. The Court

5

agrees. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs allege in the complaint that Defendant has violated 7 U.S.C. § 499g(b) for its non-compliance with the Secretary's July 25, 2019 order. [Doc. 1 ¶ 27, 30]. Therefore, Plaintiffs' cause of action arises under the laws of the United States.

In assessing personal jurisdiction, the Court must first assess the validity of service of process. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (stating that "insufficient service of process…implicates personal jurisdiction and due process concerns). "It is well settled that the fundamental purpose of service is 'to give proper notice to the defendant in the case that he is answerable to the claim of plaintiff and, therefore, to vest jurisdiction in the court entertaining the controversy.'" *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 953 (Fla. 2001) (quoting *State ex rel. Merritt v. Heffernan,* 142 Fla. 496, 195 So. 145, 147 (1940)). If service of process is insufficient, the Court has no power to render judgment. *Id.*

Rule 4(h) of the Federal Rules of Civil Procedure governs serving process on corporations, partnerships, and associations. Pursuant to that rule:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1) states that service may be made in a manner "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Florida, service of process on limited liability companies (LLCs) is governed by section 48.062, Florida Statutes. The statute sets forth detailed guidelines as to serving process on a domestic or foreign LLC and should "be strictly construed to insure that a defendant receives notice of the proceedings." *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005) (quoting *Carter v. Lil' Joe Records,* 829 So.2d 953 (Fla. 4th DCA 2002)). Under the statute, process may be served on the LLC's registered agent. Fla. Stat. § 48.062(1). If the LLC does not have a registered agent or the registered agent "cannot with reasonable diligence be served," process may be served on a member or manager of the LLC. Fla. Stat. 48.062(2). Importantly, the dissolution of a LLC "does not terminate the authority of its registered agent for service of process." Fla. Stat. § 605.0714. Additionally, "[a]bsent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction over the defendant." *Anthony*, 906 So. 2d at 1207 (quoting *Sierra Holding v. Inn Keepers Supply,* 464 So.2d 652 (Fla. 4th DCA 1985)).

"[A] plaintiff bears the ultimate burden of proving valid service of process."

*Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir.), *cert. denied*, 140 S. Ct. 575, 205 L. Ed. 2d 358 (2019). "In analyzing whether service is proper, the return of service is the point of departure." *Bennett v. Christiana Bank & Tr. Co.*, 50 So. 3d 43, 45 (Fla. 3d DCA 2010). "If the return [of service] is regular on its face, then the service of process is presumed to be valid." *Morales L. Grp., P.A. v. Rodman*, 305 So. 3d 759, 761 (Fla. 3d DCA 2020) (quoting *Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 471 (Fla. 5th DCA 2007)). "'Regular on its face' means the return of service attests to all the information required by the service statute." *Friedman*, 777 F. App'x at 331. "[I]f the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid." *Re-Emp. Servs., Ltd.*, 969 So. 2d at 471 (citing *Klosenski v. Flaherty,* 116 So.2d 767, 769 (Fla.1959)). "When there is an error or omission in the return of service, personal jurisdiction is suspended and it 'lies dormant' until proper proof of valid service is submitted." *Id.*

The return of service filed by Plaintiff indicates that service of process was executed on September 9, 2020, on Bruce A. Barron at 2605 Magnolia Park Lane, Apt. 202, Naples, Florida 34109. [Doc. 10 at p. 1]. It does not identify the capacity in which Mr. Barron was served. Specifically, the return of service does not attest that Mr. Barron is either a registered agent for Defendant or an officer, a managing or general agent, or any other agent authorized to receive service for Defendant as required under Rule 4(h)(1)(B). This omission renders the return defective on its face. *See, e.g., Bank of Am., N.A. v. Bornstein*, 39 So. 3d 500, 504 (Fla. 4th DCA 2010) (noting that service on

corporation should have been quashed as neither original nor amended return of service showed the absence of the statutorily prescribed superior classes of persons who could have been served and that the original return of service made no mention of the absence of any such persons); *Mattress One, Inc. v. Sunshop Properties, LLC*, 282 So. 3d 1024, 1026 (Fla. 3d DCA 2019) (finding service on corporation was not legally sufficient on its face where the return of service does not show the absence of all officers of a superior class before resorting to service on an officer or agent of an inferior class and where return of service fails to contain any statement supporting alternative service on the registered agent).[3] As a result, the Court cannot accept it as prima facie evidence of proper service. Moreover, Plaintiffs have failed to otherwise establish proper service on Defendant.

In sum, the Court finds personal jurisdiction lacking due to improper service of process. The return of service does not attest to all the information required for proper service, and in the absence of such proof, the Court cannot ensure that notice of the pending action has been provided to Defendant. Because of this, the Court must deny Plaintiffs' Motion for Default Judgment.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Default Judgment [Doc. 14] is **DENIED.**
2. The Clerk's Entry of Default [Doc. 12] is **VACATED**.

---

[3] While the cited cases address serving a corporation, the court finds that section 48.062 of the Florida Statues contains an analogous structural scheme for serving a limited liability company such that these cases are instructive.

3. The Court will extend the time for Plaintiffs to effect service on Defendant by thirty (30) days and an additional twenty-one (21) days within which to file proof of service. Plaintiffs shall serve Defendant on or before June 7, 2021, and shall file proof of service no later than June 28, 2021.

**DONE AND ORDERED** in Tampa, Florida on May 7, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any