UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAN-WAY FARMS, INC. and SAN-WAY FARMS, INC.,

    Plaintiffs,

v.                                           Case No: 8:20-cv-1969-CEH-CPT

SANDIFER FARMS, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon Plaintiffs' Amended Motion for Default Judgment [Doc. 24]. In the motion, Plaintiffs request judgment be entered in their favor and seek damages in the principal amount of $172,156.33, plus costs, interest, and attorneys' fees. The Court having considered the motion and being fully advised in the premises will grant the Amended Motion for Default Judgment.

**I.  BACKGROUND**

San-Way Farms, Inc. and Alafia River Farms, LLC., ("Plaintiffs") are Florida Companies, engaged in the business of farming and furnishing watermelons and cantaloupes. [Doc. 1 ¶ 3-4, 9]. Sandifer Farms, LLC., ("Defendant"), a now dissolved South Carolina company, engaged in the business of selling perishable agricultural commodities. *Id.* at ¶¶ 6-7, 10. Sandifer was, at all times relevant, licensed under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499a et seq. ("PACA"). *Id.* at ¶ 7.

Plaintiffs entered into an oral contract from May 11, 2013 to approximately June 19, 2013 with Defendant to deliver approximately 434 shipments of watermelon and cantaloupes for the purpose of sale by Defendant. *Id.* at ¶¶ 10-11. Through Defendant's role in this arrangement, Defendant acted as a commission merchant under PACA. *Id.* at 12. Defendant ultimately underpaid Plaintiffs and has refused to pay Plaintiffs the full price for the 434 shipments of watermelons and cantaloupes. *Id.* at ¶ 13.

In October of 2013, Plaintiffs filed two informal complaints against Defendant with the United States Department of Agriculture ("USDA") before the Secretary of Agriculture.[1] *Id.* at ¶¶ 15, 16. The USDA conducted an investigation and found that Defendant underpaid Plaintiffs and instructed Plaintiffs to file a formal complaint. *Id.* at ¶ 18; Doc. 1-1. The correspondence to Defendant provides that Defendant owes Plaintiffs $252,142.89 under E-R-2014-12 and $60,135.29 under E-R-2014-14. [Doc. 1-1 pp. 2, 5]. Subsequently, Plaintiffs filed formal complaints against Defendant under PACA with the USDA. [Doc. 1 ¶ 19].

On March 22, 2019, the Secretary issued a Reparations Order, ordering Defendant to pay total damages in the amount of $172,156.33 with interest thereon at the rate of 2.52% per annum from July 1, 2013, attorney's fees in the amount of $6,990.00 with interest thereon at the rate of 2.52% per annum from March 22, 2019,

---

[1] The complaints were assigned PACA Docket Nos. E-R-2014-12 and E-R-2014-14.

and Plaintiffs' filing fee of $500.00. *Id.* at ¶¶ 20-21; Doc. 1-2. In the order, the Secretary explained that:

> Respondent owes Complainant $123,039.84 for the transactions associated with file number E-R-2014-12, and $93,553.11 for the transactions associated with file number E-R-2014-14. Since the Complainant sought to recover only $49,116.49 in E-R-2014-14…Complainant's award will be limited to the amount requested. . . .

[Doc. 1-2 at p. 20]. The Secretary's order identified Bruce A. Barron, Michael C. Harris, and Phillip L. Sandifer as an owner, partner, manager, officer, director, and/or stockholder for Defendant. *Id.* at p. 1.

Defendant moved for reconsideration on April 12, 2019. [Doc. 1 ¶ 22]. The Secretary issued an order on July 25, 2019 denying Defendant's motion for reconsideration and ordering Defendant to pay Plaintiffs the amounts specified in the March 22, 2019 order on or before August 24, 2019. *Id.* at ¶¶ 23-25; [Doc. 1-3]. Defendant has failed to comply with the Secretary's July 25, 2019 order and has not paid Plaintiffs any of the amounts owed. [Doc. 1 ¶ 27].

Plaintiffs filed this action against Defendant on August 24, 2020. [Doc. 1]. Plaintiffs assert that jurisdiction is proper in this Court pursuant to 7 U.S.C. § 499g(b)[2]

---

[2] 7 U.S.C. § 499g(b) provides in pertinent part that:

> "[i]f any commission merchant . . . does not pay the reparation award within the time specified in the Secretary's order, the complainant . . . may within three years of the date of the order file in the district court of the United States for the district in which he resides . . . a petition setting forth briefly the causes for which he claims damages and the order of the Secretary in the premises."

3

and 28 U.S.C. § 1331. *Id.* at ¶ 1. A summons was issued for Defendant, and on September 28, 2020, Plaintiff filed a return of service. [Docs. 6, 10]. In the return of service, the process server affirmed that on September 16, 2020, he personally served a copy of the summons and the complaint on Bruce A. Barron at 2605 Magnolia Park Lane, Apt. 202, Naples, Florida 34109. [Doc. 10]. However, he did not indicate Mr. Barron's relationship with Defendant. *Id.*

Subsequently, Plaintiffs filed a Motion for Clerk's Default, after Defendant failed to respond to the action. [Doc. 11] The motion was granted that same day. [Doc. 12]. On October 27, 2020, the process server personally served a copy of the motion and the Clerk's default on Mr. Barron at the apartment in Naples, Florida. [Doc. 13]. Thereafter, Plaintiffs moved for default judgment on November 18, 2020, arguing that default judgment was proper because Defendant failed to respond in any way to this action. [Doc. 14]. The Court denied relief and vacated the Clerk's default on the basis that it could not ensure that notice of this action had been provided to Defendant. [Doc. 17 at p. 9].

On May 11, 2021, the Summons was reissued. [Doc. 19]. Plaintiffs filed a return of service on May 18, 2021. [Doc. 20]. The return of service indicates, among other things, that the summons and complaint were served on Bruce Barron as registered agent on behalf of Sandifer Farms LLC, on May 12, 2021. *Id.* Plaintiffs again moved for a Clerk's default, which was entered on June 3, 2021. [Docs. 21, 22]. They have

now moved the Court to enter a default judgment based on Defendant's failure to file a responsive pleading or otherwise respond to the Complaint. [Doc. 24]. The motion is supported by the declaration of Wayne G. Moss, Plaintiffs' President, who states that San-Way Farms, Inc. has incurred losses in the principal amount of $172,156.33 as a direct result of Sandifer's failure to pay the amounts awarded by the July 25, 2019 Order of the Secretary of Agriculture. *Id.* at p. 5 ¶¶ 9, 12.

## II. LEGAL STANDARD

A default judgment may be entered when "a party against whom a judgment . . . is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (quoting Fed. R. Civ. P. 55 (a)). Typically, allegations in a well-pleaded complaint are established as fact on entry of a default judgment, as long as there is a stated claim that allows for relief. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). However, facts that are not well-pleaded or conclusions of law are not accepted as fact. *Id.* The Eleventh Circuit has likened this standard to the standard under a Rule 12(b)(6) motion to dismiss. *Id.*

## III. DISCUSSION

<u>Subject Matter Jurisdiction</u>

In determining whether default judgment is proper, a court must assess whether jurisdiction exists. *See Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc.*, 734 F.2d 639 (11th Cir. 1984). The Court has subject matter jurisdiction over this action

pursuant to 7 U.S.C. § 499g(b) and 28 U.S.C. § 1331. [Doc. 1 ¶1]. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiffs allege in the complaint that Defendant has violated 7 U.S.C. § 499g(b) for its non-compliance with the Secretary of Agriculture's July 25, 2019 order. [Doc. 1 ¶ 27, 30]. Therefore, Plaintiffs' cause of action arises under the laws of the United States.

<u>Personal Jurisdiction</u>

The Court also finds that it has personal jurisdiction over Defendant. In assessing personal jurisdiction, the Court must first assess the validity of service of process. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) (stating that "insufficient service of process…implicates personal jurisdiction and due process concerns). Pursuant to Rule 4(h), Federal Rules of Civil Procedure:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Rule 4(e)(1) further provides that service may be made in a manner "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In Florida, service of process on limited liability companies (LLCs) is governed by section 48.062, Florida Statutes. Under the statute, process may be served on the LLC's registered agent. Fla. Stat. § 48.062(1). If the LLC does not have a registered agent or the registered agent "cannot with reasonable diligence be served," process may be served on a member or manager of the LLC. Fla. Stat. 48.062(2). The statute should "be strictly construed to insure that a defendant receives notice of the proceedings." *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005) (quoting *Carter v. Lil' Joe Records*, 829 So.2d 953 (Fla. 4th DCA 2002)). Absent strict compliance with the statutes governing service of process, the court lacks personal jurisdiction over the defendant." *Anthony*, 906 So. 2d at 1207 (quoting *Sierra Holding v. Inn Keepers Supply*, 464 So.2d 652 (Fla. 4th DCA 1985)).

"While a plaintiff bears the ultimate burden of proving valid service of process, a 'return of service that is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.' " *Friedman v. Schiano*, 777 F. App'x 324, 331 (11th Cir. 2019) (quoting *Robles-Martinez v. Diaz, Reus & Targ, LLP*, 88 So. 3d 177, 179 (Fla. 3d DCA 2011)); *Morales L. Grp., P.A. v. Rodman*, 305 So. 3d 759, 761 (Fla. 3d DCA 2020) (noting that the service of process is presumed to be valid if the return of service is regular on its face). " 'Regular on its face' means the return of

service attests to all the information required by the service statute." *Friedman*, 777 F. App'x at 331. The return of service filed on May 18, 2021 is regular on its face. It indicates that Defendant was served on May 12, 2021, by delivering a true copy of the summons, complaint, and exhibits to "Bruce Barron as Registered Agent . . . on behalf of [Defendant] Sandifer Farms LLC." [Doc. 20]. It indicates the address at which service was made and provides a description of Mr. Barron. *Id.* The return of service therefore attests to all the required information, such that service on Defendant is presumed valid, *Morales L. Grp., P.A.*, 305 So. 3d at 761, and the exercise of jurisdiction over Defendant proper.

## Sufficiency of Pleading

This is an action to enforce a Reparations Order of the Secretary of Agriculture. [Doc. 1]. The Perishable Agricultural Commodities Act, 1930, 7 U.S.C. § 499g, provides that if after a hearing on a complaint made by any person under section 499f, the Secretary of Agriculture determines that the commission merchant, dealer, or broker has violated any provision of section 499b , he shall, unless the offender has already made reparation to the person complaining, determine the amount of damage, if any, to which such person is entitled as a result of such violation and shall make an order directing the offender to pay to such person complaining such amount on or before the date fixed in the order. 7 U.S.C. § 499g(a). The Act further provides that:

> If any commission merchant, dealer, or broker does not pay the reparation award within the time specified in the Secretary's order, the complainant, or any person for whose benefit such order was made, may within three years of the date of the order file in the district court . . . a petition setting

8

> forth briefly the causes for which he claims damages and the order of the Secretary in the premises. . . . Such suit in the district court shall proceed in all respects like other civil suits for damages, except that the findings and orders of the Secretary shall be prima-facie evidence of the facts therein stated . . .

7 U.S.C.A. § 499g(a).

The complaint sufficiently alleges Plaintiffs' entitlement to enforcement of the Reparations Order. It alleges that Plaintiffs orally agreed to send Defendant approximately 434 shipments of watermelon and cantaloupes and that Defendant, acting as Plaintiffs' agent, orally agreed to sell, on Plaintiffs' behalf, the watermelons and cantaloupes to various parties at stated prices which were, at the time, current floor prices, market prices, and agreed prices. [Doc. 1 ¶¶ 9-11]. Ultimately, Defendant failed and refused to pay. *Id.* ¶ 13. Plaintiffs then filed informal complaints with the Department of Agriculture, after which it filed formal complaints. *Id.* ¶¶ 15-19. On March 22, 2019, the Secretary of Agriculture issued a Reparations Order in favor of Plaintiffs and against Defendant. *Id.* ¶ 20.

The Reparations Order is provided with the complaint. [Doc. 1-2 at pp. 3-59]. In the Order, the judicial officer determined, after an evidentiary hearing and post-hearing briefing, that there was an oral contract between Plaintiffs and Defendant. *Id.* at p. 12. The Order determined that Defendant owed Plaintiffs $123,039.84 for transactions associated with E-R-2014-12 and $49,116.49 for transactions associated with E-R-2014-14., and that the failure to make payment of the total amount of $172,156.33 was a violation of the Act. *Id.* at pp. 18. The Order directed payment to

Plaintiffs by Defendant in the amount of $172,156.33 with interest at the rate of 2.52 percent per annum from July 1, 2013, until paid, plus the amount of $500. *Id.* at p. 21. It also directed payment in the amount of $6,990 as additional reparation for fees and expenses. *Id.* Defendant moved for reconsideration or rehearing of the Order on March 22, 2019 and the Department denied that request on July 25, 2019. [Doc. 1 ¶¶ 22-23]. Pursuant to the July 25, 2019 Order, full payment under the award was to have been made to Plaintiffs on or before August 24, 2019. *Id.* ¶ 25. Defendant Sandifer has failed to pay any portion of the amounts specified in the Reparations Order. *Id.* ¶¶ 13, 27. The well pleaded facts of the Complaint sufficiently establish that Defendant has failed to discharge its obligations under the Reparations Order.

Moreover, Plaintiffs' claim is for a sum certain or one capable of mathematical calculation. The Court may enter judgment without a hearing on a request for monetary relief if "the plaintiff's claim against [the] defendant is for a sum certain or for a sum which can by computation be made certain," or if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005); *Movement Against Racism & the Klan*, 777 F.2d at 1543; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Based on the Reparations Order, Defendant is liable to Plaintiffs in the principal amount of $172,156.33 with interest at the rate of 2.52 percent per annum, from July 1, 2013 until paid; in the amount of $500 for filing fees; and in the amount of $6,990 for attorney fees and expenses with interest at the rate of 2.52 percent per annum, from July 25, 2019 until paid. [Doc. 1 ¶ 21]. Additionally, the Order makes clear how the principal

amount was determined. [Doc. 1-2 at pp. 13-21]. Hence, the Court finds that the amount of damages is sufficiently established.

Lastly, the Court notes that this action is within three years of the date of the Reparations Order. As such, Plaintiffs satisfy the requirements for enforcement of the Reparations order.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Amended Motion for Default Judgment [Doc. 24] is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Plaintiffs San-Way Farms, Inc. and Alafia River Farms, LLC. in the amount of $172,156.33 for outstanding principal, plus interest of 2.52 percent per annum, from July 1, 2013 until paid; $6,990.00 for attorneys' fees and expenses, plus interest of 2.52 percent per annum, from July 25, 2019 until paid; and $500.00 for filing fees.

3. The Clerk is further directed to close this case.

**DONE AND ORDERED** in Tampa, Florida on March 21, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any